United States District Court
Southern District of Texas
**ENTERED**
July 10, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REDOAK HOSPITAL, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-16-1303 |
| | § | |
| GAP INC., and GAP INC. HEALTH AND LIFE INSURANCE PLAN, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

RedOak Hospital, LLC sued GAP Inc. and GAP Inc. Health and Life Insurance Plan under the Employee Retirement Income Security Act of 1974 (ERISA) § 502(a)(1)(b). 29 U.S.C. § 1132(a). After GAP moved to dismiss, the court converted the motion to one for summary judgment in order to consider the administrative record. (Docket Entry Nos. 35, 44). Based on a careful review of the parties' motions and responses, the record, the arguments of counsel, and the applicable law, GAP's motion for summary judgment is granted and this action is dismissed with prejudice. Final judgment is entered by separate order.

The reasons for these rulings are set out below.

**I.    Background**

RedOak is a health-care provider based in Houston, Texas. GAP is a multinational corporation selling clothing and other retail goods, headquartered in San Francisco, California. GAP is the Plan Sponsor and Plan Administrator for GAP Inc. Health and Life Insurance Plan, a self-insured ERISA health-benefits plan. United Healthcare acts as the third-party claims administrator for GAP's health plan.

1

Patient SK is a Plan Beneficiary. In February 2014, RedOak treated SK as an out-of-network provider. Before providing the medical services, RedOak verified with United that SK had out-of-network benefits under the Plan. SK signed a Legal Assignment of Benefits and Designation of Authorized Representative form, assigning RedOak the rights to receive benefit payments, conduct administrative appeals, and seek judicial review. RedOak's records show that it provided $68,517.00 in medical treatment and services to SK. RedOak submitted UB-04 forms for payment, but United reduced the allowed amount to $7,436.13 and then offset that amount for an alleged overpayment on a "stranger" plan. The result was no payment. (Docket Entry No. 29 at 7–8).

RedOak began the administrative processes the Plan requires before an ERISA suit can be brought. (Docket Entry No. 11-3, 53). A denial must be appealed within 180 days of the claim decision. (*Id.* at 57). If the member disagrees with this first-level appeal decision, a second and final appeal must be filed within 60 days "after receipt of the notice of adverse appeal decision." (*Id.* at 58). The Plan bars a legal action brought more than "90 days after the date the claims administrator renders its final decision upon appeal." (*Id.* at 53).

RedOak filed a first-level appeal on July 14, 2014.[1] United notified SK on August 21, 2014 that the original claim decision had been upheld. (Docket Entry No. 11-8 at 18–20). The letter showed a "cc" to RedOak, but RedOak claims that it never received a copy of this notice from United. (Docket Entry No. 55-5 at 2–4).[2] The parties agree that RedOak's next communication with

---

[1] RedOak initially sent the appeal letter to GAP, rather than to United. (Docket Entry No. 11-7 at 5). GAP forwarded the letter to United on August 13, 2014 and provided RedOak a copy of the Plan. (Docket Entry No. 11-8 at 1–2).

[2] GAP moved to strike as evidence this affidavit because of a "lack of trustworthiness" under Federal Rule of Evidence 803(7) and because it contradicts earlier statements made by RedOak's counsel. (Docket Entry Nos. 49, 57). Because summary judgment does not depend on the reliability of the affidavit evidence, the motion to strike is denied as moot.

2

United was a letter sent on October 23, 2015. This letter stated that RedOak was starting another appeal. But the letter continued: "We have officially exhausted any and all administrative remedies . . . ." (Docket Entry No. 55-2 at 4; *see also* Docket Entry No. 29 at 9). RedOak sent another letter repeating this statement verbatim on April 25, 2016. (*Id.*). RedOak filed this lawsuit on May 10, 2016. (Docket Entry No. 1). RedOak's unilateral attempt to add years to the appeal process and circumvent the Plan's limitations provisions is the basis of the summary judgment motion.

RedOak's First Amended Complaint, (Docket Entry No. 4), asserted a claim under ERISA § 502(a)(1), a claim for failure to provide a "full and fair review," and claims for breach of fiduciary duty against GAP Inc., GAP Inc. Health and Life Insurance Plan, and two GAP employees, Cynthia Radovich and Lesley Dale. In August 2016, after argument, the breach of fiduciary duty claims were dismissed for lack of standing, and the claims against Radovich and Dale were dismissed with prejudice. (Docket Entry No. 23).

RedOak filed a Second Amended Complaint in October 2016, (Docket Entry No. 29), which GAP moved to dismiss on the basis that RedOak had failed to exhaust the internal appeals process and comply with the time limits under the Plan, (Docket Entry No. 35). RedOak abandoned the claim for failure to provide a full and fair review in its response. (Docket Entry No. 39 at 7). At a hearing in December 2016, the court converted GAP's motion to dismiss to a summary judgment motion in order to allow the court to consider the full record.[3] (Docket Entry No. 44).

---

[3] Before this conversion, RedOak moved to strike GAP's administrative record as improperly considered on a motion to dismiss. (Docket Entry No. 38). This motion is denied as moot.

## II. The Summary Judgment Standard

"Summary judgment is required when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* (quotation marks omitted); *see also Celotex*, 477 U.S. at 325. Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).

4

"Once the moving party [meets its initial burden], the nonmoving party must 'go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Nola Spice*, 783 F.3d at 536 (quoting *LHC Grp.*, 773 F.3d at 694). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008); *see also Nola Spice*, 783 F.3d at 536.

**III.    Analysis**

GAP argues that RedOak's § 502(a)(1) claim is barred for two reasons: the failure to exhaust internal administrative remedies and the failure to file this lawsuit within 90 days after a final claim determination.[4] The Plan requires both. RedOak argues that it should be excused from its failure to exhaust administrative remedies because United made the appeals process futile. RedOak's argument is based on the claim that it never received United's response to the first appeal letter. Even assuming that RedOak did not receive the letter and that it is excused from completing the administrative appeals process in a timely manner, RedOak is not excused from the Plan requirement

---

[4] RedOak has argued that the court should not consider limitations on this summary judgment motion because the converted motion for summary judgment was limited to exhaustion. (Docket Entry No. 58 at 6–8). The limitations issue was substantially briefed before the status conference, and the parties argued it. (Docket Entry No. 39 at 6–7). The motion to dismiss was converted to one for summary judgment so that the court could consider the administrative record, including records relevant to limitations, in its decision. RedOak's contention that limitations is unripe for consideration is without merit.

that any lawsuit challenging a claim denial must be filed within 90 days of the final decision denying the claim. *See Lacy v. Fulbright & Jaworski*, 405 F.3d 254, 256–57 (5th Cir. 2005).

RedOak offers affidavit evidence that it did not receive the August 21, 2014 letter denying its first-level appeal. Even so, RedOak waited until October 23, 2015 to file a second appeal letter. In that letter, RedOak confirmed that it had already completed all the appellate process the Plan provided and allowed, stating that "[w]e have officially exhausted any and all administrative remedies . . . ." (Docket Entry No. 55-2 at 4). At the latest, RedOak understood that it had exhausted the Plan's administrative process—futile or not—by October 23, 2015. The 90-day deadline expired on January 21, 2016. RedOak did not file this lawsuit until May 10, 2016, more than four months late.[5]

RedOak argues that a 90-day period for a plaintiff to file suit is unreasonably short. The Fifth Circuit has indicated that a 90-day limit is reasonable. *See Dye v. Associates First Capital Corp. Long-Term Disability Plan 504*, 243 F. App'x 808, 809 (5th Cir. 2007) (upholding a 120-day limit, citing *Northlake Regional Med. Ctr. v. Waffle House*, 160 F.3d 1301, 1303 (11th Cir. 1998) (upholding a 90-day limit)). And RedOak took over 180 days, more than twice as long as the Plan allowed. Even if the Plan allowed 120 or 150 days, RedOak's suit would be more than three months late. RedOak blew the deadlines and cannot proceed.

## IV. Conclusion

GAP's summary judgment motion, (Docket Entry No. 35), is granted. The action is

---

[5] The fact that RedOak sent a third letter to United on April 25, 2016 does not restart this clock. The Plan does not provide for a third appeal. Even if the October 23, 2015 letter constituted a "second appeal," the third letter cannot be considered an "appeal" for purposes of a final determination. *See Bourgeois v. Pension for Emps. of Santa Fe Int'l Corps.*, 215 F.3d 475, 480 n.14 (5th Cir. 2000) ("allowing informal attempts to substitute for the formal claims procedure would frustrate the primary purpose of the exhaustion requirement.").

dismissed with prejudice. *See Dawson Farms L.L.C. v. Farm Serv. Agency*, 504 F.3d 592, 607 (5th Cir. 2007). Final judgment is entered by separate order.

        SIGNED on July 10, 2017, at Houston, Texas.

                                                    _____
                                                          Lee H. Rosenthal
                                            Chief United States District Judge